**Steven W. RUFFO, Petitioner— Appellant,**

v.

**George M. GALAZA, Warden, Respondent—Appellee.**

No. 02–17362.

D.C. No. CV–00–05743–LJN.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Steven W. Ruffo, pro se, Calipatria, CA, for Petitioner–Appellant.

Arnold O. Overoye, Esq., Attorney General's Office, Brian Means, California State Attorney General, Sacramento, CA, for Respondent–Appellee.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Steven W. Ruffo appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for making terrorist threats and resisting arrest. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *Mendez v. Small,* 298 F.3d 1154, 1157–58 (9th Cir.2002), and we affirm.

Ruffo contends the state violated his due process rights under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) by failing to disclose the involvement of a key prosecution witness in a "hit and run" accident. This contention is meritless. Ruffo has not rebutted the state court's factual findings on the officer's credibility regarding the automobile accident by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Himes v. Thompson,* 336 F.3d 848, 852 (9th Cir. 2003). Given the state court's findings on the officer's credibility, the evidence would not have undermined his credibility and therefore there was no *Brady* violation.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (explaining that *Brady* evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.").

The district court therefore properly denied Ruffo's petition. *See* 28 U.S.C. § 2254(d).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.