**Avelino MENDEZ, Petitioner–Appellee,**

v.

**Larry SMALL, Warden; Attorney General State of California, Respondents–Appellants.**

**No. 01–56188.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Filed Aug. 14, 2002.

---

Vincent L. Rabago (argued), Deputy Attorney General, Lora Fox Martin, Deputy

**1156**

Attorney General for the State of California, San Diego, CA, for the appellant.

Michael J. Brennan, Post-conviction Justice Project, University of Southern California Law School, Los Angeles, CA, for the appellee.

Before: ALARCÓN, SILVERMAN and RAWLINSON, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge.

The California Court of Appeal held that the change-of-address requirement of California's sex offender registration statute is not satisfied when a sex offender, solely in the course of being booked into jail, provides his *current* address to the jailers for a fingerprint card and booking slip, without any indication that it is a *new* address. The Court of Appeal held that a reasonable person would know that he must affirmatively provide a change-of-address notice when he moves. We reject petitioner's contention that the California Court of Appeal's decision was an unforeseeable interpretation of the California statute that deprived him of the fair notice required by the due process clause. The state court decision was not an unforeseeable construction, nor was it an unreasonable application of clearly established federal law as determined by the United States Supreme Court. We reverse the district's court ruling to the contrary.

1. The statute provided in relevant part:
 (f) If any person who is required to register pursuant to this section changes his ... residence address, the person shall inform, in writing within 10 days, the law enforcement agency with whom he ... last registered of the new address.

## I. Background

Petitioner is a registered sex offender. In 1991, petitioner registered with the San Bernardino County Sheriff's Office and listed a Victorville, California address. In March 1994, petitioner informed the San Bernardino County Sheriff's Office that he had changed his address to a new residence in Victorville. In July 1994, he again informed the San Bernardino County Sheriff's Office that he had changed his address. He gave his new address as 39400 Hinkley Road, Barstow, California.

In April 1995, petitioner was arrested and booked into jail by a San Bernardino County deputy sheriff on a charge of spouse abuse. In the course of the arrest formalities, petitioner stated his current address to be 35750 Lenwood Road, Barstow, California, which the deputy entered on the booking slip and fingerprint card that petitioner signed. In February 1996, while on routine patrol, San Bernardino County Sheriff's deputies came upon petitioner and detained him for investigation of trespassing and possession of marijuana. In the course of the encounter, the deputies learned that petitioner was a registered sex offender, that he was living at the Lenwood Road residence, but that he had not provided notice of the new address as required by California Penal Code § 290(f).[1]

Petitioner was charged with violating California's sex offender registration statute, Cal. Pen.Code § 290(g)(3). At trial, petitioner contended that, when he was booked into jail for spouse abuse in 1995 and told the booking deputy his Lenwood

Cal.Penal Code § 290(f) (1996). Since 1996, the statute has been amended several times. The time limit for notification of a change of address was shortened to 5 days. However, the language at issue in this case remains unchanged.

Road address, that sufficed as a change-of-address notice for the purposes of § 290(f).

Petitioner was found guilty. Because petitioner had two prior convictions for serious felonies, he was sentenced under California's three-strikes law to 25 years to life.

On appeal to the California Court of Appeal, petitioner argued that there was insufficient evidence of a failure to comply with the statute because he gave his new address when being booked in 1995, and in any case, if signing the booking slip and fingerprint card is insufficient to fulfill a sex offender's obligation to provide a change of address, then § 290(f) is unconstitutionally vague.

The California Court of Appeal rejected both contentions.

> As a matter of law, however, we hold that the intent of Penal Code section 290 and its clear meaning is to require a sex offender to take affirmative steps, which result in the notification of the sheriff's department, of his or her new address. It is clear that Mendez took no such steps. Merely being a passive participant in a process which, by happenstance, resulted in the sheriff's department knowing his new address was insufficient for purposes of Penal Code section 290, which is obviously intended to place the burden of notification *on the sex offender* and not on law enforcement. At the time of the offense, February 23, 1996, Mendez, by his own admission and according to DMV records, had been living at the new address well over 10 days, yet had failed, *himself,* to notify the sheriff's department, in writing, of his new address.
>
> As the People contended at oral argument, to permit the only act done by Mendez, i.e., his signing of the booking application and fingerprint card, which, of course, was done under compulsion of his arrest, to be sufficient to fulfill his

duty under Penal Code section 290, subdivision (g), would groundlessly discriminate between sex offenders, like him, who are arrested in the jurisdiction in which they live and those who are not. We do not believe the registration obligation should be construed in such a manner as to excuse it merely because a sex offender is arrested by the agency where he presently lives.

> \* \* \* \* \* \*
>
> Mendez contends that if his signing the booking application and fingerprint card is insufficient to fulfill a sex offender's obligation to notify law enforcement of his new address, Penal Code section 290, subdivision (f) is unconstitutionally vague. We disagree. The language of that provision could not be more clear and simple. It obligates a sex offender to notify the law enforcement agency in the jurisdiction where he was living of his new address within 10 days of moving there.

*People v. Mendez,* No. E020152, at \* 4–6 (Cal. Ct.App. filed May 5, 1999) (emphasis in original).

Petitioner sought a writ of habeas corpus in federal court under 28 U.S.C. § 2254. The district court granted the writ, ruling that the California Court of Appeal's interpretation of § 290(f)—that an affirmative step was required—would not be foreseeable to an average lay person and therefore, petitioner did not have fair notice of what the law required, in violation of his right to due process of law. The state appeals.

## II. Jurisdiction and Standard of Review

 We have jurisdiction pursuant to 28 U.S.C. § 2253 and review the district court's grant or denial of a petition for writ of habeas corpus de novo. *Wade v. Ter-*

*hune,* 202 F.3d 1190, 1194 (9th Cir.2000). Because Mendez filed his petition after April 23, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies. *See Lindh v. Murphy,* 521 U.S. 320, 326–27, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under AEDPA, we cannot grant habeas relief unless the underlying state decision:

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2002). An "unreasonable application of clearly established law" exists if the state court identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of the case. *Bell v. Cone,* —— U.S. ——, ——, 122 S.Ct. 1843, 1850, 152 L.Ed.2d 914 (2002); *Williams v. Taylor,* 529 U.S. 362, 407–08, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To warrant habeas relief, the state court's application of Supreme Court authority must be objectively unreasonable, not just an incorrect application of federal law. *Id.* at 409, 120 S.Ct. 1495. We have held that an unreasonable application of clearly established law exists only if the state court clearly erred:

> [W]e must reverse a state court's decision as involving an "unreasonable application" of clearly established federal law when our independent review of the legal question does not merely allow us ultimately to conclude that the petitioner has the better of two reasonable legal arguments, but rather leaves us with a "firm conviction" that one answer, the one rejected by the court, was correct and the other, the application of the federal law that the court adopted, was

erroneous—in other words that clear error occurred.

*Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000).

## III. Discussion

 We are bound by the California Court of Appeal's interpretation of what § 290 requires of a registrant with regard to giving his notice of a change of address. A state court has the last word on the interpretation of state law. *McSherry v. Block,* 880 F.2d 1049, 1052 (9th Cir.1989). The only question before this court is whether the due process aspect of the California Court of Appeal's decision was objectively unreasonable. Due process requires that a criminal statute "give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Bouie v. City of Columbia,* 378 U.S. 347, 351, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964); *Rogers v. Tennessee,* 532 U.S. 451, 457, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001). Thus, a court's "unforeseeable and retroactive judicial expansion" of a criminal statute without prior notice violates due process. *Rogers,* 532 U.S. at 457, 121 S.Ct. 1693. As the Supreme Court explained:

> [I]f a judicial construction of a criminal statute is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue, the construction must not be given retroactive effect.

*Rogers,* 532 U.S. at 457, 121 S.Ct. 1693 (internal quotation marks, alterations and citation omitted); *see also United States v. Lanier,* 520 U.S. 259, 266, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997) (stating that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope").

Mendez argues that the California court's holding is an unreasonable application of *Bouie*. In *Bouie*, the criminal statute prohibited "entry upon the lands of another ... after notice from the owner or tenant prohibiting such entry." *Bouie*, 378 U.S. at 349–50, 84 S.Ct. 1697. The state court "construed the statute to cover not only the act of entry on the premises of another ... but also the act of remaining on the premises of another after receiving notice to leave." *Id.* at 350, 84 S.Ct. 1697. The Supreme Court concluded that by construing the statute to include conduct not criminal at the time the defendants committed it, the state court had violated due process because the statute failed to give fair warning of the conduct it prohibited. *Id.* The Supreme Court held that a state court's construction of a criminal statute cannot be "so unforeseeable as to deprive the defendant of the fair warning to which the Constitution entitles him." *Id.* at 354, 84 S.Ct. 1697. The Supreme Court recently explained *Bouie*:

> Our decision in *Bouie* was rooted firmly in well established notions of due process. Its rationale rested on core due process concepts of notice, foreseeability and, in particular, the right to fair warning as those concepts bear on the constitutionality of attaching criminal penalties to what previously had been innocent conduct.

*Rogers*, 532 U.S. at 459, 121 S.Ct. 1693 (citations and emphasis omitted).

Unlike the state court's interpretation in *Bouie*, the California Court of Appeal's interpretation of § 290(f) did not make previously lawful conduct illegal or result in "an unforeseeable and retroactive judicial expansion of narrow and precise statutory language." *Bouie*, 378 U.S. at 352, 84 S.Ct. 1697. Section 290 provided in relevant part:

> (a) Every [convicted sex offender] ..., for the rest of his ... life while residing in California, shall be required to register with ... the sheriff of the county if he ... is domiciled in an unincorporated area ... within 14 days of coming into any ... county in which he ... temporarily resides or is domiciled for that length of time. The person shall be required annually thereafter, within 10 days of his ... birthday, to update his ... registration with the entities described in this paragraph, including, verifying his ... address on a form as may be required by the Department of Justice.

> \* \* \* \* \* \*

> (f) If any person who is required to register pursuant to this section changes his ... residence address, the person shall inform, in writing within 10 days, the law enforcement agency with whom he ... last registered of the new address.

By its plain language, § 290(f) required Mendez to "inform" the law enforcement agency "in writing" if he "change[d] his ... residence address." It was not unreasonable for the California Court of Appeal to have ruled that § 290(f) gave a "person of ordinary intelligence fair notice" that he was required to register and inform the proper authority in writing within 10 days of changing his address. A person of ordinary intelligence would not be misled into thinking that he could provide notice of a change of address by waiting to be arrested on unrelated charges and then telling the booking officer his current address solely in connection with the booking process. A reasonable person would know that there is a difference between merely *stating* one's *current* address, and providing *notice* of a *new* address. In fact, on two occasions prior to the 1996 arrest, Mendez had completed change of address forms when he moved. Like any other reasonable person, he knew what the law

required. The Court of Appeal's construction of the registration statute was not "unforeseeable" or "novel" and the California Court of Appeal's due process holding was not objectively unreasonable.

## IV. Conclusion

The California Court of Appeal's interpretation of § 290(f) did not violate Mendez' due process rights, nor was it an unreasonable application of clearly established law.

REVERSED.