Robert O. GOETH, Petitioner–
Appellant,

v.

Terry L. STEWART, et al.,
Respondents–Appellees.

No. 01–17559.

D.C. No. CV–00–00092–WDB.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

Before FERNANDEZ, GRABER, and
GOULD, Circuit Judges.

MEMORANDUM**

Arizona state prisoner Robert O. Goeth, serving a 27–year sentence for three counts of aggravated assault, appeals pro se the denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a 28 U.S.C. § 2254 petition, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir.2002), and affirm.

Goeth contends that trial counsel provided ineffective assistance on four grounds. In order to succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's representation was deficient and that such deficiency prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

His first contention, that his counsel failed to timely investigate and interview witnesses, fails because Goeth did not show with reasonable probability that additional witnesses would have changed the result of the proceeding. *See id.* at 693–94.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, Goeth contends that counsel failed to present a self-defense theory. This contention is unpersuasive because counsel made a reasonable tactical decision to argue mistaken identity so that Goeth would not need to testify; if he testified his testimony could have been impeached based on prior criminal activity. *See id.* at 688–89 (stating defense attorney has wide latitude in making tactical decisions).

Goeth's third contention, that trial counsel was ineffective because he failed to request an instruction defining the mental state for aggravated assault, also is unpersuasive. Trial counsel acted reasonably by not defining intent to the jury because such an instruction would have contradicted and undermined the misidentification defense. Even assuming error, Goeth cannot establish the requisite prejudice. *See id.* at 694.

Fourth, he contends that trial counsel failed to request a hearing pursuant to *State v. Dessureault,* 104 Ariz. 380, 453 P.2d 951 (1969). He argues that an unduly suggestive pretrial identification occurred when a victim identified Goeth while he was in a detention cell wearing handcuffs. Relief is not available because Goeth does not show prejudice. The victim had additional reliable bases for his in-court identification, including Goeth's verbal apology to the victim. *See Strickland,* 466 U.S. at 694; *Neil v. Biggers,* 409 U.S. 188, 199–200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

**AFFIRMED.**