**Nathaniel J. ALLEN, aka Michael Thomas, Petitioner— Appellant,**

v.

**E. ROE, Warden, Respondent— Appellee.**

No. 00–57157.

D.C. No. CV–00–01007–SVW–CFE.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 20, 2003.

Before SCHROEDER, Chief Judge, HAWKINS and TASHIMA, Circuit Judges.

MEMORANDUM**

California state prisoner Nathaniel J. Allen appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging the 25–years to life sentence imposed after his jury trial conviction for petty theft with a prior conviction. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir. 2002), and we affirm.

Allen contends that his 25–years–to–life sentence for petty theft with a prior is cruel and unusual punishment, in violation of the 8th Amendment. This contention is foreclosed by *Lockyer v. Andrade*, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that California state court's affirmance of two consecutive 25–years–to–life sentences for petty theft was not contrary to or an unreasonable application of federal law) and *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (holding that a 25–years–to–life sentence under the California three-strikes law did not violate the 8th Amendment's prohibition on cruel and unusual punishment). The district court therefore properly denied Allen's petition.

The district court certified the issue of whether the state's use of the same prior convictions to both elevate Allen's petty theft to a felony and to invoke the sentencing provisions for Allen's sentence violates the 8th Amendment. This issue was not raised with the district court and is there-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fore waived. *See Poland v. Stewart,* 169 F.3d 573, 583 n. 4 (9th Cir.1999).[1]

**AFFIRMED.**

---

1. We decline to reach the issues Allen raises that were not certified for appeal. 9th Cir. R. 22–1.

