**Dolores R. MACIAS, Petitioner—
Appellant,**

v.

**Teena FARMON, Warden; et al.,
Respondents—Appellees.**

No. 02–55778.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 16, 2003.

Dolores R. Macias, Chowchilla, CA, for
Petitioner–Appellant.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

David A. Wildman, Esq., Los Angeles, CA, for Respondent–Appellee.

Before: PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM **

California state prisoner Dolores R. Macias appeals pro se the district court's denial of her 28 U.S.C. § 2254 habeas petition challenging her conviction for felony child abuse and second degree murder. We have jurisdiction under 28 U.S.C. § 2253, we review de novo, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir. 2002), and we affirm.

■ Macias contends the prosecutor committed misconduct by asking her on cross-examination if she had learned to hit her children without causing bruising. We conclude that this single allegedly improper question did not violate Macias' right to a fair trial. *See Ortiz v. Stewart*, 149 F.3d 923, 934–35 (9th Cir.1998).

■ Macias also contends that her trial attorney rendered ineffective assistance by not objecting to the admission of improper character evidence. Because Macias cannot show a reasonable probability that an objection to the character evidence would have changed the result of her trial, the district court properly rejected this contention. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Finally, Macias' contention that the cumulative effect of errors rendered

her trial fundamentally unfair lacks merit. "Although no single alleged error may warrant habeas corpus relief, the cumulative effect of errors may deprive a petitioner of the due process right to a fair trial." *Karis v. Calderon*, 283 F.3d 1117, 1132 (9th Cir.2002). That is not the case here. Macias has not shown that the cumulative prejudicial effect of the alleged errors puts the case in such a different light as to undermine confidence in its outcome. *See Kyles v. Whitley*, 514 U.S. 419, 434–35, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).[1]

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do not reach the remaining issues in Macias' Opening Brief because they were not raised in district court nor certified for appeal. *See Poland v. Stewart*, 169 F.3d 573, 583 n. 4 (9th Cir.1999); *Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1.