**Jack Orlando JOHNSON,
Petitioner–Appellee,**

v.

**C.A. TERHUNE, Director, Respondent–
Appellant.**

**No. 02–16285.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2003.[*]

Decided Oct. 17, 2003.

Jack Orlando Johnson, #H–84530, Lancaster, CA, for Petitioner–Appellee.

Alison Elle Aleman, Attorney General's Office, Brian Means, California State At-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

torney General, Sacramento, CA, for Respondent–Appellant.

Before: HUG, JOHN R. GIBSON,** and FISHER, Circuit Judges.

## MEMORANDUM ***

The state of California appeals the district court's order granting pro se California state prisoner Jack Orlando Johnson's 28 U.S.C. § 2254 (2000) habeas corpus petition. Johnson was convicted by a jury of robbery, kidnaping to commit robbery, and kidnaping. His habeas petition alleges ineffective assistance of trial counsel on the ground that his attorney failed to investigate his mental status prior to trial. He alleges that an investigation would have revealed that he suffers from post-traumatic stress disorder, which could have been used to show that he lacked the intent to commit the charged offenses and was not competent to stand trial. The district court[1] determined that defense counsel's conduct violated *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in that his representation was deficient and the deficiency was prejudicial to Johnson. The district court further determined that the state appellate court's denial of Johnson's ineffective assistance claim was an unreasonable application of *Strickland,* and that habeas relief was appropriate under § 2254(d)(1). We conclude that the state court did not unreasonably apply *Strickland,* and we reverse.

We adopt the facts contained in the California Fifth District Court of Appeal's un-

published opinion denying Johnson's direct appeal of his conviction. *See* 28 U.S.C. § 2254(e)(1). Johnson was convicted on July 18, 1995 of two counts of kidnaping to commit robbery, two counts of second degree robbery, and one count of kidnaping. The convictions arose out of incidents on April 9 and 11, 1995. Johnson was also charged with and tried for kidnaping, kidnaping to commit robbery, and second degree robbery for an alleged March 13, 1995 incident. The modus operandi was similar to that of the April incidents. The jury was unable to reach a verdict, and the trial court declared a mistrial as to those counts.

Johnson's sentence, as modified by the California Court of Appeal, was two consecutive indeterminate terms of 14 years to life for robbery, consecutive to a determinate term of 23 years for kidnaping. Johnson's conviction was affirmed by the Fifth District Court of Appeal, and the California Supreme Court denied his petition for review. Johnson filed a petition for habeas corpus in the state trial court, which was denied. The Fifth District Court of Appeal denied his petition without opinion. Likewise, the California Supreme Court denied Johnson's petition for review.

Johnson filed a pro se federal habeas corpus petition on June 29, 1999.[2] He attached to his petition a copy of a report of a psychiatric examination he had undergone in February 1995, which concluded that he suffered from post-traumatic stress disorder. Johnson stated that he had just obtained the report through his own inves-

---

** The Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The parties consented to proceed before a magistrate judge.

2. Johnson requested that counsel be appointed for him in both the district court and this court, and both requests were denied. Johnson has filed a pro se response to the state's brief.

tigation from prison. The district court granted the petition. Both the district court and this court ordered that Johnson remain in custody pending this appeal.

The state argues that Johnson has not shown that he was prejudiced by his counsel's failure to investigate his mental health history, since there is no evidence that admission of a post-traumatic stress disorder diagnosis would have led the jury to acquit Johnson. The district court focused on the prejudice resulting from Johnson's counsel's failure to develop a mental defense at trial and did not address the prejudice resulting from the failure to have Johnson declared incompetent.

## I.

This court reviews de novo a district court's grant or denial of a petition for writ of habeas corpus. *Mendez v. Small,* 298 F.3d 1154, 1157 (9th Cir.2002). A writ is not to be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The district court properly determined that Johnson's ineffective assistance of counsel claim is to be analyzed under the "unreasonable application" test. *See Weighall v. Middle,* 215 F.3d 1058, 1061–

62 (9th Cir.2000) (citing *Williams v. Taylor,* 529 U.S. 362, 417, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Rehnquist, C.J., concurring in part and dissenting in part)).

The district court concluded that Johnson's trial counsel provided ineffective assistance in failing to investigate Johnson's mental health issues and the state does not contest this finding. We therefore accept that counsel's representation "fell below an objective standard of reasonableness." *Strickland,* 466 U.S. at 688 (1984).

## II.

The district court also addressed the requirement of *Strickland* that the defendant affirmatively prove prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Relying on *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), the district court stated that prejudice to Johnson could be presumed because his trial counsel believed in his client's guilt, performed deficiently, and hence failed to subject the prosecution's case to meaningful adversarial testing.[3] In concluding that there was prejudice, the district court emphasized that counsel failed to investigate the "only plausible defense" available to his client. Two of the three convictions involved specific intent crimes, and the district court concluded that there was a "reasonable probability that if the jury had been presented evidence of a mental state defense, it would

---

**3.** The district court's reliance on *Cronic* is misplaced. *Cronic's* discussion of a presumption in favor of the petitioner dealt with a "complete denial of counsel" at a "critical stage of his trial" or a "breakdown in the adversarial process." 466 U.S. at 662. More recently, in *Bell v. Cone,* 535 U.S. 685, 695–97, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002), the Court rejected the idea of expanding this presumption to cases like Johnson's. The Court explained that aspects of counsel's performance, including "the failure to adduce mitigating evidence," are of the "same ilk" as other attorney errors which are subject to *Strickland's* performance and prejudice requirements. 535 U.S. at 697–98.

not have found the requisite intent" to convict Johnson of robbery and/or kidnaping to commit robbery.

The district court's conclusion is at odds with that reached by the state court. In its review of Johnson's habeas petition, the state court analyzed whether a reasonable probability existed that Johnson would have been acquitted and/or been found incompetent to stand trial if his counsel had investigated his mental health history. The state court pointed out that Johnson had not demonstrated that an investigation would have shown a sufficient diagnosis to support a finding of incompetence to stand trial, or that a finding of incompetence would have been a better result. A finding of incompetence would have delayed the trial, not obviated it. The state court also noted that Johnson presented no evidence to support a finding that his diagnosis of post-traumatic stress disorder would prevent him from forming the specific intent necessary to have committed the two robberies and kidnaping to commit robbery. The mere assertion of a diagnosis does not establish a reasonable likelihood that the jury would have acquitted Johnson of the robbery and kidnaping to commit robbery charges.

Under § 2254(d), federal courts are required to examine the state court ruling with great deference. *Woodford v. Visciotti,* 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002). "[I]t is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An *'unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Id.* at 25 (quoting *Williams,* 529 U.S. at 410) (emphasis in original). "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different

from those of the case in which the principle was announced.'" *Wiggins v. Smith,* — U.S. —, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003) (quoting *Lockyer v. Andrade,* — U.S. —, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003)). Under this standard, we conclude that the state court's decision was not an unreasonable application of *Strickland.*

The state court provided a reasonable analysis of *Strickland'*s prejudice requirement and concluded that Johnson did not suffer prejudice in spite of his counsel's inadequacy. *See, e.g., Sandgathe v. Maass,* 314 F.3d 371, 381–83 (9th Cir.2002) (no *Strickland* violation for failure to investigate a mental health defense where evidence of intermittent explosive disorder would not support an insanity defense under Oregon law); *Franklin v. Johnson,* 290 F.3d 1223, 1237 (9th Cir.2002) (petitioner failed to show prejudice under *Strickland* where evidence of mental defect or disease was insufficient to show petitioner lacked the ability to appreciate criminality of his conduct or capacity to form specific intent). Johnson's victims presented detailed testimony at trial concerning Johnson's behavior. These victims were between 16 and 18 years old. They described how he entered an occupied vehicle of a stranger, uninvited, and told the driver where to take him. Johnson demanded money of each of them, and in some instances he took other items, too. The two incidents which resulted in convictions occurred two days apart. Considering the strength of the evidence we conclude that the state court's decision was not an unreasonable application of clearly established federal law.

Because the state court decision was not an unreasonable application of clearly established federal law, habeas relief is not

permissible under § 2254(d). The judgment of the district court is REVERSED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.