**David S. WALKER, Petitioner—Appellant,**

v.

**John MARSHALL, Warden, Respondent—Appellee.**

No. 03–15642.

D.C. No. CV–98–05763–HGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 13, 2004.

David S. Walker, San Luis Obispo, CA, pro se.

David Alkire, Esq., Nevada City, CA, Jeffrey David Firestone, Attorney General's Office, Fresno, CA, for Respondent–Appellee.

Before MESKILL,* TROTT, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

David S. Walker appeals a judgment of the United States District Court for the Eastern District of California (Best, J.) dismissing his habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Familiarity with the relevant facts, procedural history and issues raised on appeal is presumed.

Walker was convicted of first-degree murder and is currently serving a sentence of thirty years' imprisonment. He petitioned for habeas relief on May 26, 1998, asserting that, among other things, his trial counsel was ineffective for failing to file a suppression motion. The district court denied the petition and we granted a certificate of appealability solely as to the ineffective assistance of counsel claim.

Because Walker filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its provisions apply. *See Woodford v. Garceau,* 538 U.S. 202, 207, 123 S.Ct. 1398, 155 L.Ed.2d 363 (2003). Moreover, the state court dismissed Walker's ineffective assistance of counsel claim on the merits, triggering AEDPA's deferential standard of review. 28 U.S.C. § 2254(d); *see Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002). As the state court properly applied *Oregon v. Elstad,* 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) and *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to Walker's ineffective assistance of counsel claim, we ask only whether the state court reasonably applied Supreme Court precedent to the facts of Walker's case, *see Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), and alternatively, whether the state court was reasonable in determining the facts in the record before it. *See* 28 U.S.C. § 2254(d)(2). We consider these questions de novo. *See Mendez v. Small,* 298 F.3d 1154, 1157 (9th Cir.2002).

Walker argues that an initial violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), required the exclusion of a subsequent warned statement and that his trial counsel was ineffective in not moving to suppress that statement. In light of *Elstad,* Walker fails to show that his trial counsel was deficient. *See Strickland,* 466 U.S. at 688, 104 S.Ct. 2052. Even assuming a deficiency, Walker fails to show prejudice. *Id.* at 687, 104 S.Ct. 2052.

■ The state court decision rejecting the argument that Walker's trial counsel was deficient was not an unreasonable application of *Elstad,* which held that "a suspect who has once responded to unwarned yet uncoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite *Miranda* warnings." 470 U.S. at 318, 105 S.Ct. 1285. The Supreme Court explained that "absent deliberately coercive or improper tactics in obtaining the initial statement, the mere fact that a suspect has made an unwarned admission does not warrant a presumption of compulsion" and "[a] subsequent administration of *Miranda* warnings to a suspect who has given a voluntary but unwarned statement ordinarily should suffice to remove the conditions that precluded admission of the earlier statement." *Id.* at 314, 105 S.Ct. 1285.

---

* The Honorable Thomas J. Meskill, Senior Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–6.

Because Walker neither alleged in his state habeas petition that his unwarned statement was coerced nor demonstrated that the warned statement was involuntary, the state court properly determined that Walker's warned statement was admissible.[1] Thus, the state court did not unreasonably apply *Elstad* to Walker's claim that his trial counsel's performance fell below an objective standard of reasonableness.[2]

■ Moreover, Walker fails to meet the second component of *Strickland* as he does not establish that even a presumed deficiency prejudiced the outcome of his trial. In particular, the exculpatory nature of the warned statement belies Walker's contention that its admission was prejudicial.

Finally, Walker contends that the state court unreasonably determined that his statement was knowing and voluntary, thus entitling him to habeas relief pursuant to section 2254(d)(2). "This is a daunting standard .... [as] we must be particularly deferential to our state-court colleagues" such that the state court's findings may not be disturbed "unless, after review of the state-court record, [we] determine[ ] that the state court was not merely wrong, but actually unreasonable."

*Taylor v. Maddox,* 366 F.3d 992, 999–1000 (9th Cir.2004). The state court implicitly found that the warned statement was knowing and voluntary, and hence admissible, when it concluded that Walker had failed to state any facts sufficient to warrant habeas relief. This finding was reasonable: Walker was not given any direct or implied promises to provide the warned statement and Walker himself acknowledged to the police that the statement was knowing and voluntary.

Accordingly, the judgment of the district court is affirmed.

---

1. Walker claims for the first time on appeal that there is evidence of police coercion. Because he presents no exceptional circumstances for his failure to previously raise this issue, it has been waived. *See Marx v. Loral Corp.,* 87 F.3d 1049, 1055 (9th Cir.1996). Nonetheless, we note that Walker would fail to demonstrate coercion by pointing, as he does, to the duration of his custody and to the fact that the police explained the evidence implicating him. *See United States v. Watson,* 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) (holding duration of custody alone is insufficient to establish coercion); *United States v. Crisco,* 725 F.2d 1228, 1232 (9th Cir.1984) (reasoning that police officer's explanation of evidence against a defendant which led to arrest was attendant to custody).

2. At oral argument, Walker argued that *Missouri v. Seibert,* —— U.S. ——, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004), requires that we hold that his trial counsel's performance was deficient. However, as a plurality decision, we need not consider *Seibert's* application to Walker's habeas petition. *See Jacobsen v. United States Postal Serv.,* 993 F.2d 649, 655 (9th Cir.1992) ("The Ninth Circuit has not taken pluralities as being controlling."). Moreover, the dispositive inquiry presented here is whether the decision of Walker's trial counsel not to challenge the admissibility of the warned statement fell below an objective standard of reasonableness at the time of Walker's trial. The recency of *Seibert* does not alter this analysis.