**Robert WYLIE, Petitioner–Appellant,**

v.

**Don HELLING, Respondent–Appellee.**

No. 04–16532.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Paul G. Turner, Esq., Anne R. Traum, Esq., FPDNV–Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Victor Hugo Schulze, II, Esq., AGNV– Office of the Nevada Attorney General, Las Vegas, NV, for Respondent–Appellee.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Robert Wylie appeals the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir.2002), and we affirm.

Wylie contends that his due process rights were violated when the state court "reinstated" his guilty pleas. We disagree.

A review of the state court record demonstrates that Wylie's guilty pleas complied with minimum constitutional requirements: it reflected "an affirmative showing that [the plea] was intelligent and voluntary," *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and it showed that the pleas were entered by a defendant "with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

Accordingly, the state court's decision was not contrary to nor an unreasonable application of clearly established federal

---

** This disposition is not appropriate for publication and may not be cited to or by the

law. *See* 28 U.S.C. § 2254(d).[1]

AFFIRMED.

1.  Wylie seeks to expand the certificate of appealability ("COA"). We decline to expand the COA because Wylie fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

