Anthony Tyrone CAMPBELL, Petitioner–Appellant,

v.

Cheryl K. PLILER, Warden, Respondent–Appellee.

No. 04–15947.

D.C. No. CV–00–01135–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

**570**

Anthony Tyrone Campbell, Susanville, CA, pro se.

Jeremy Friedlander, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM**

California state prisoner Anthony Tyrone Campbell appeals pro se the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his conviction for attempted first degree murder, aggravated mayhem and assault with a firearm. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir.2002), and affirm.

Campbell argues that the prosecutor committed misconduct by impermissibly commenting on his decision not to testify at trial, in violation of *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We disagree.

The district court correctly found that the prosecutor's comments, taken in context, concerned the state of the evidence which had been presented, not the fact that Campbell did not testify. *See Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir.1987) (stating that a comment is impermissible if it "is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a com-

ment on the failure to testify"). Therefore, we conclude that the prosecutor's comments were not impermissible, and therefore did not "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

To the extent that Campbell's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1(e).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

