Terry J. MACKEY, Petitioner—
Appellant,

v.

Anthony C. NEWLAND, Warden;
Respondents—Appellees.

No. 04–15722.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Terry J. Mackey, Vacaville, CA, pro se.

Mathew Chan, Esq., AGCA—Office of the California Attorney General, Department of Justice, Sacramento, CA, for Respondents–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

## MEMORANDUM **

California state prisoner Terry J. Mackey appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his jury-trial conviction for forcible rape, spousal abuse and assault with a deadly weapon. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas petition, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir. 2002), and we reverse and remand.

■ First, Mackey contends that there was insufficient specific evidence for the jury to convict him of the seven counts of spousal abuse. We disagree. The trial transcript is replete with testimony and evidence of at least seven instances of spousal abuse committed by Mackey. "[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Next, Mackey contends that his due process rights were violated when the state introduced evidence that, in 1977, he also abused his ex-wife. To the extent that Mackey is claiming there was a viola-tion of state evidence rules, that argument is not cognizable on habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Even assuming there was error, any error was harmless because it did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (internal quotation omitted).

■ Finally, Mackey contends that California Jury Instructions (CALJIC) Nos. 2.50.1 and 2.50, as given in his case, violate due process because they impermissibly lowered the government's burden of proof by permitting conviction under a preponderance of evidence standard. In light of our decision in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004), we agree. The California Court of Appeal's decision affirming Mackey's convictions was contrary to clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Gibson*, 387 F.3d at 822–25 (holding that a state court decision which found a materially indistinguishable combination of jury instructions to be constitutional was contrary to *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Sullivan v. Louisiana*, 508 U.S. 275, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). We note that *Gibson* had not yet been published at the time the district court denied Mackey's petition.

■ We cannot agree with the state court's determination that Mackey is procedurally barred from asserting the jury instruction issue above. Although at trial, both Mackey and the State requested CALJIC 2.50, regarding evidence of other crimes, only the State requested CALJIC

---

2.50.1, regarding the preponderance of evidence standard. Because the due process violation is created only from the combination of the two instructions, *Gibson*, 387 F.3d at 822, Mackey neither waived nor invited the error.

We therefore reverse the district court's denial of habeas relief and remand to the district court for the court to grant a conditional writ of habeas corpus instructing the State that it may either retry Mackey within an appropriate period to be determined by the district court, or release him from custody.

**REVERSED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.