**Tyrone Vaughn HENRY, Petitioner–Appellant,**

v.

**Dora B. SCHRIRO, Director; et al., Respondents–Appellees.**

No. 05–17169.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*      Fed. R.App. P. 34(a)(2).

Tyrone Vaughn Henry, Florence, AZ, pro se.

Jon G. Anderson, Esq., Karla Hotis Delord, Esq., AGAZ–Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Tyrone Vaughn Henry appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 habeas petition challenging his jury-trial conviction for fraudulent scheme and artifice. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas petition, *Mendez v. Small,* 298 F.3d 1154, 1157–58 (9th Cir.2002), and we affirm.

First, Henry contends that there was insufficient evidence to support his conviction for fraudulent scheme and artifice. We disagree. "[V]iewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

To the extent that Henry contends that the Arizona Court of Appeals misinterpreted an Arizona state statute, federal habeas relief is not available. *See Melugin v. Hames,* 38 F.3d 1478, 1482 (9th Cir.1994) (stating that federal courts must "accept a state court ruling on questions of state law").

Next, Henry contends that the district court erred when it determined that his allegation of a violation of 18 U.S.C. § 2257 was procedurally barred. We disagree. A review of the record demonstrates that Henry failed to fairly present this issue to the state appellate courts, and is now barred from bringing these claims in state court. Also, Henry has not demonstrated cause and prejudice to excuse the default in state court, or that a fundamental miscarriage of justice would result. He is therefore procedurally barred from raising this contention in his federal postconviction petition. *See Park v. California,* 202 F.3d 1146, 1150–51 (9th Cir.2000).

Finally, Henry failed to specifically and distinctly argue the third certified issue. Accordingly, this issue is waived. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003) (holding that "in general, we will not ordinarily consider matters on appeal that are not specifically and distinctly

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

argued in appellant's opening brief") (citations and quotation marks omitted).

We therefore determine that the district court correctly denied Henry's § 2254 petition because the Arizona Court of Appeals' decision affirming Henry's conviction was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d).

To the extent that Henry's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**