**KY MINH PHAM, Petitioner–Appellant,**

v.

**Roderick HICKMAN, in his capacity as Warden of Mule Creek State Prison; C.A. Terhune, Director of the DOC, Respondents–Appellees.**

No. 06–17172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 25, 2007.

Filed Dec. 27, 2007.

William Weiner, Esq., San Francisco, CA, for Petitioner–Appellant.

Martin S. Kaye, Esq., Juliet B. Haley, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Ky Minh Pham appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition. Pham was convicted of robbery, robbery in concert, attempted robbery, dissuading a witness, and false imprisonment. Pham was granted a certificate of appealability on four issues: (1) whether the trial court violated his constitutional rights by admitting a non-testifying co-defendant's incriminating extra-judicial statement; (2) whether the trial court violated his constitutional rights by instructing the jury to view accomplice testimony with distrust; (3) whether he was deprived of effective assistance of counsel; and (4) whether the cumulative effect of these errors denied him a fair trial. We affirm.

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Because Pham's habeas petition was filed after April 24, 1996, this action is governed by the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, the state court's findings of fact are presumed correct because Pham did not rebut them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). We review de novo the district court's denial of Pham's petition. *Mendez v. Small*, 298 F.3d 1154, 1157 (9th Cir.2002). We do not grant a writ of habeas corpus concerning any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Clearly established federal law refers to the holdings of the Supreme Court as of the time of the relevant state court ruling. *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Even if the state court decision is contrary to or an unreasonable application of Supreme Court precedent, we will grant habeas relief only if the petitioner suffered actual prejudice, defined as a " 'substantial and injurious effect or influence in determining the jury's verdict.' " *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)).

## I.

■ Pham argues that his Sixth Amendment Confrontation Clause rights under *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), were violated when the trial court admitted co-defendant Hoa Nguyen's redacted statement even though Nguyen did not testify. A detective testified over Pham's objection to a redacted version of Nguyen's confession, in which the names of the co-defendants were changed to "friends," "people," "men," "they," "guys," and "someone." The detective testified that Nguyen said the robbers returned to Sao C.'s apartment after the robbery but left there an hour later to drop someone off, came back to his apartment again, and left a second time. During this testimony, the prosecutor asked permission to "approach the witness briefly as regards to redaction." Pham requested a mistrial, arguing that the testimony suggested to the jury that it was Pham who was dropped off. The trial court denied the motion and gave the prosecutor a chance to clarify the issue. The detective took the stand again the next morning and testified that Nguyen identified the person who was dropped off as a man named Anh. With this additional testimony, Nguyen's version of the events following the robbery did not single out Pham in any instance. It was clear that Nguyen said they left Sao C.'s apartment twice. He and the "other men" or "the people" who were involved in the robbery went together to Sao C.'s apartment, left the first time to drop off Anh, returned to the apartment, and left the second time to go to Motel 6. Further, the trial court gave a limiting instruction that confined the jury's use of Nguyen's statement to Nguyen only.

The state court correctly analyzed the issue under the *Bruton* line of cases, including the Supreme Court's holding that the Confrontation Clause is not violated "by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d

176 (1987). However, a redaction that replaces a name with a blank space or an obvious indication of deletion, like "deleted," overemphasizes the alteration and points directly toward a co-defendant. *Gray v. Maryland,* 523 U.S. 185, 192–97, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998). More subtle alterations that use general terms such as "other guys" rather than blank spaces do not raise the inference that one specific person was being described. *See id.* at 196, 118 S.Ct. 1151. Here, there was no deletion, blank space, or code word that would have led the jury to think that Nguyen was describing Pham as the person the robbers dropped off, and in his testimony the following morning, the detective specifically identified that person as Anh.

Moreover, the only names the detective mentioned were Anh's, Nguyen's and Sao C.'s, and all of his other references were general. Nothing in the detective's testimony implicated Pham or violated his Sixth Amendment rights. The state court's findings to that effect are not an unreasonable determination of the facts or contrary to Supreme Court law.

## II.

▆ Pham argues that the trial court violated his constitutional rights when the court gave an approved California instruction directing the jury to view accomplice testimony with distrust. He asserts that there is a reasonable likelihood that the jury applied the instructions in a way that violates the Constitution, that the instruction lessened the prosecutor's burden, and that he was denied a meaningful opportunity to present a complete defense. Pham did not request that the instruction be modified.

The trial court instructed the jury that the juvenile, Sao C., was an accomplice to Pham and his co-defendants. Sao C. had given a statement that identified Pham as the leader of the group that committed the robbery, one of the two gunmen, and the supplier of the guns. When the state called him as a witness, however, Sao C. retracted those statements and testified that Pham was not involved in the robbery. Co-defendant Do testified with an alibi for himself and exculpatory evidence for Pham, and Pham testified with an alibi. The out-of-court statements of Nguyen, Sao C., and Do were frequently referred to during the trial as "statements," which Pham contrasts with "testimony" of an accomplice which the jury was told to treat with distrust.

Pham argues that the jury was told to distrust the exculpatory testimony from Sao C. and Do, as well as his own testimony, but not the inculpatory out-of-court statements from Nguyen and Sao C. Under federal law, an erroneous jury instruction may warrant habeas relief only if it alone infected the entire trial such that the conviction violates due process. *Estelle v. McGuire,* 502 U.S. 62, 71–72, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).

The state court analyzed and rejected this claim under state law only, even though Pham properly raised a federal due process challenge in state court. We therefore review de novo whether that state law violated Pham's right to due process. *See Pirtle v. Morgan,* 313 F.3d 1160, 1167–68 (9th Cir.2002). As the district court correctly held, in the absence of Supreme Court law, it is bound to follow Ninth Circuit precedent. *United States v. Tirouda,* 394 F.3d 683, 687–88 (9th Cir. 2005), held that an instruction which tells the jury to consider an accomplice's testimony with greater caution than that of other witnesses does not violate the defendant's due process rights, even if the accomplice testifies for the defense. Accord-

ingly, the accomplice instruction did not violate Pham's right to due process.

## III.

Pham alleges that his trial counsel was ineffective in four separate areas. The district court correctly repeated the standard from *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires the defendant to show: (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. 2052. This is a highly deferential standard with a strong presumption that counsel's performance was reasonable. *Id.* at 689, 104 S.Ct. 2052.

■ First, Pham argues that he was denied effective assistance of counsel because his lawyer did not investigate the case sufficiently, specifically concerning Pham's landlord and girlfriend. The landlord's testimony would not have supported Pham's alibi, however, because Pham's girlfriend testified that she and Pham were asleep in bed at the time the landlord said he saw Pham sitting on the couch. Moreover, even if the jury would have believed that the landlord saw Pham at 2:00 a.m., that would not contradict evidence that Pham participated in a nearby robbery at least an hour and a half later. A detective testified that the robbery occurred about six to eight miles away from Pham's apartment by freeway, about two miles from where Sao C. resided, and approximately one-half mile from the Motel 6. These distances are short enough to support a finding that Pham could have traveled to Sao C.'s apartment and to the house where the robbery occurred after 2:00 a.m. Pham thus suffered no prejudice from the landlord's absence from the trial.

■ Pham's allegation that his counsel did not undertake sufficient investigation concerning his girlfriend focuses on notes she made. At trial, Pham's girlfriend Hong Tran testified that she had written about the events of the night in her organizer, including Pham's coming home at 12:45 a.m. and her awakening at 3:30 a.m. with morning sickness. She had never told Pham's trial counsel about the organizer. Counsel cannot be faulted for failing to ask about a written recording of an alibi that he did not know existed. The record supports the state court's finding of no ineffective performance.

■ Second, Pham alleges that his trial counsel was ineffective for failing to move to suppress a photograph of him. The photograph was taken about one week before the robbery in a probation search at Pham's residence pursuant to his roommate's probation status, and it was shown to witnesses following the robbery. In order to establish ineffectiveness for failure to bring a suppression motion, Pham must show that the motion would have been meritorious and "that there is a reasonable probability that the jury would have reached a different verdict absent the introduction of the challenged evidence." *Ortiz–Sandoval v. Clarke,* 323 F.3d 1165, 1170 (9th Cir.2003). The state court determined that the case against Pham was strong enough that it is not reasonably probable that the outcome would have been different had the trial court suppressed the photograph. The record reasonably supports that finding. Acknowledging that there is a factual dispute over the voluntariness of the photograph, we conclude that a motion to suppress would not have been successful because there was no connection between the probation search and the robbery and Pham's arrest was not the fruit of the probation search directed toward another person. *See People v. McInnis,* 6 Cal.3d 821, 825–26, 100 Cal.Rptr. 618, 494 P.2d 690 (1972).

Pham also asserts that his trial counsel was ineffective for failing to challenge the photograph as unduly suggestive. Counsel's decision not to file a suppression motion was not unreasonable, as counsel could have reasonably concluded that the photo itself was not unduly suggestive and that it was preferable to focus cross-examination on the manner in which the witnesses were shown the photographs. The state court's decision denying the claim was not contrary to or an unreasonable application of federal law.

Third, Pham argues that trial counsel was inadequate because he failed to object to or seek modification of the accomplice instruction discussed above. Counsel's failure to object to the accomplice instruction was not unreasonable because the instruction was the standard California instruction on the issue at the time of Pham's trial.

Fourth, Pham asserts he was denied effective assistance of counsel because his trial counsel failed to object to the prosecutor's comment in closing argument on Pham's failure to present certain witnesses in a way that violated his Fifth Amendment right against self-incrimination under *Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). Pham testified at trial and thus there was no *Griffin* violation.

## IV.

Pham argues that the cumulative effect of several substantial errors requires reversal. Although federal law supports this general proposition, there can be no cumulative constitutional error when, as here, there is no constitutional error, *Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).

No constitutional error occurred in this case. As analyzed above, there was no *Bruton* violation, and the accomplice instruction did not violate Pham's due process rights. The state court noted that trial counsel could have done a better job communicating with Pham, presenting a better defense or more evidence, and hiring an expert. However, it is not apparent that more evidence existed, and the state court's finding was not unreasonable and its denial of the claim was not contrary to, or an unreasonable application of, federal law.

## V.

Because Pham cannot prevail on his claim of ineffective assistance, he is not entitled to the remand he seeks for an evidentiary hearing and the right to engage in discovery. We need not reach the sentencing error he alleges that is outside the certificate of appealability and not reviewable under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because Pham's conviction was final in 1999.

**AFFIRMED.**