NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY JAMES REDWING,<br><br>Petitioner-Appellant,<br><br>v.<br><br>OREGON STATE PRISON,<br><br>Respondent-Appellee. | No.   19-35049<br><br>D.C. No. 6:17-cv-00796-HZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted December 13, 2019[**]
Seattle, Washington

Before:  GOULD and BERZON, Circuit Judges, and BENITEZ,[***] District Judge.

Rodney Redwing appeals the district court's denial of his petition for a writ

of habeas corpus under 28 U.S.C. § 2254.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

§§ 1291 and 2253, and we review the district court's denial of Redwing's habeas petition de novo. *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). We affirm.

Following a trial by jury, Redwing was sentenced to 186 months in prison for kidnapping and other crimes. Redwing argues his counsel rendered ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, Redwing claims that his attorney should have moved for acquittal on the kidnapping charge by arguing that there was insufficient evidence of asportation based on *State v. Wolleat*, 111 P.3d 1131 (Or. 2005). To demonstrate ineffective assistance of counsel and warrant habeas relief, a petitioner must show both: (1) his attorney's performance was deficient; and (2) resulting prejudice. *See Strickland*, 466 U.S. at 687. On this record, Redwing has not made the necessary showing on either prong.

Redwing made this same argument *pro se* on direct appeal. The Oregon Court of Appeals rejected the argument. Redwing again made the argument in Oregon post-conviction proceedings. The argument was rejected by the post-conviction court, and that conclusion was affirmed by the Oregon Court of Appeals. The Oregon Supreme Court denied review. Whether the evidence of Redwing's actions satisfied the kidnapping elements under *Wolleat* is an interpretive question of state law. Here, two Oregon courts have already applied

Oregon law to Redwing's facts and concluded that Redwing's sufficiency-of-the-evidence argument was unavailing. Normally on federal habeas review, "[a] state court has the last word on the interpretation of state law." *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002); *see also Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("[I]n reviewing such a [§ 2254] petition, a federal court is bound by the state court's interpretations of state law.").

Moreover, the state courts' conclusions that the evidence was sufficient to prove the asportation element of the crime is consistent with other Oregon decisions. For example, while *Wolleat* held that moving a victim fifteen to twenty feet within the same home, by itself, is not sufficient to show asportation, 111 P.3d at 1135-36, Redwing's crime was more like that in *State v. Mejia*, 227 P.3d 1139 (Or. 2010). In *Mejia*, the defendant pushed the victim from her open front door as she was leaving her home, moved her to a bedroom a distance of approximately thirty-four feet, took away her cell phone when she tried to call for help, and repeatedly choked her. *Id.* at 1140-41. The Oregon Supreme Court decided the movement and confinement were sufficient proof of an intention to interfere with the victim's personal liberty apart from the assaultive and menacing acts, and thus qualified as kidnapping. *Id.* at 1145.

Redwing's victim had escaped the brutality inside the home and made it seven feet outside before being picked up and carried back inside. Redwing also

19-35049

took away the victim's car keys and cell phone. Had his attorney made the *Wolleat* argument Redwing claims his attorney should have made, it would have failed, as it did when Redwing himself presented the argument. Thus, it is clear that Redwing's trial attorney did *not* perform deficiently by *not* pursuing what would have been a losing motion for acquittal. And Redwing was *not* prejudiced by the motion *not* made. Thus, the district court was correct in holding that the Oregon courts reasonably applied federal law and satisfied § 2254(d) in denying Redwing's claim of ineffective assistance of trial counsel.

AFFIRMED.