**Deandre MUR, Petitioner—Appellant,**

v.

**HIGH DESERT STATE PRISON; et al., Respondents—Appellees.**

No. 04–17055.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 24, 2006.

Deandre Mur, Susanville, CA, pro se.

Robert C. Anderson, Esq., AGCA–Office of the California Attorney General, Department of Justice, Sacramento, CA, Eric D. Share, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Respondents–Appellees.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

California state prisoner Deandre Mur appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition challenging his conviction for assault with a semiautomatic firearm. We have jurisdiction under 28 U.S.C. § 2253. We review de novo the district court's denial of a habeas petition, *Mendez v. Small*, 298 F.3d 1154, 1157–58 (9th Cir. 2002), and we affirm.

Mur first contends that there was insufficient evidence to support his conviction of assault with a semiautomatic firearm. We

are not persuaded. After reviewing the record, we conclude that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Next, Mur contends that the trial court's failure to instruct the jury *sua sponte* on the definition of "semiautomatic firearm" violated his right to a fair trial. We disagree. Given that (1) the weapons were in the courtroom for the jury's inspection, (2) witnesses referred to the weapons as semiautomatics without objection by either codefendant, and (3) the jurors did not seek any clarification of the term, the trial court's failure to *sua sponte* define "semiautomatic firearm" does not appear to have "so infected the entire trial that the resulting conviction violates due process." *See Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977).

Finally, Mur contends that the trial court erred when it refused to instruct the jury on the lesser included offense of assault with a firearm. Even assuming that this claim is exhausted, we deny it on the merits. *See* 8 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir.2005) ("We now join our sister circuits ... and hold that a federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). In *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir.2000), this court held that contentions regarding a state court's failure to instruct on a lesser included offense in a non-capital case will not be considered on federal habeas review because the contention fails to present a

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

federal constitutional claim, and that the court is barred from changing the law regarding failure to instruct errors in the context of a habeas petition by the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Accordingly, this claim provides no grounds for relief.

To the extent that Mur's brief raises uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam); 9th Cir. R. 22–1(e).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.